**JISONG CHEN, aka Ji Song
Chen, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States
Attorney General, Respondent.**

**No. 13–1049 NAC.**

United States Court of Appeals,
Second Circuit.

May 13, 2014.

Vincent S. Wong, New York, NY, for
Petitioner.

Stuart F. Delery, Assistant Attorney
General, M. Jocelyn Lopez Wright, Senior
Litigation Counsel, Ilissa M. Gould, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C., for Respondent.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON, and
DENNY CHIN, Circuit Judges.

**SUMMARY ORDER**

Jisong Chen, a native and citizen of China, seeks review of a February 28, 2013, decision of the BIA affirming the April 26, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jisong Chen,* No. A087 780 828 (B.I.A. Feb. 28, 2013), *aff'g* No. A087 780 828 (Immig. Ct. N.Y. City Apr. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA affirmed the IJ's decision in some respects but not others, we have reviewed the IJ's decision minus the adverse credibility determination, which the BIA declined to reach. *See Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

Chen argues that the IJ's reliance on *Liu v. Holder,* 632 F.3d 820 (2d Cir.2011) was misplaced because *Liu* involved a petitioner who was beaten *before* his arrest, but Chen was beaten during his detention. The record does not support this distinction. In *Liu,* we found "no error in the BIA's conclusion that [the petitioner] failed to establish persecution because substantial evidence support[ed] the BIA's finding that, *prior* to his arrest and detention by local police, [Liu] suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect." *Liu,* 632 F.3d at 822 (emphasis in original). Chen's testimony established that he was beaten by family planning officials before he was detained at the family planning office (and only after he grabbed one of the officials), resulting in bruising and a bloody nose, for which he

did not seek medical attention. Because the record makes clear that the beating occurred outside of the family planning office and before Chen was detained, the IJ did not err in relying on the holding in *Liu.*

Chen relies on *Gjolaj v. Bureau of Citizenship and Immigration Services,* 468 F.3d 140, 142 (2d Cir.2006), for the proposition that the severity of even minor injuries " 'must be assessed with regard to the context in which the mistreatment occurs,' " and that conduct " 'can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds.' " *Gjolaj,* 468 F.3d at 143 (quoting *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (emphasis omitted)). However, the record shows that Chen was beaten because he grabbed a family planning official before he was detained, not that he was beaten or detained based on any family planning violation.

Absent past persecution, Chen was required to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The agency did not err in finding that Chen's alleged fear was not objectively reasonable because Chen remained in China for nine years after his altercation with family planning officials without suffering any additional harm. *Cf. Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (holding that ability of applicant's family to · remain unharmed "cuts against" finding of a well-founded fear).

As Chen has not met his burden for asylum, he necessarily cannot meet the higher burden for withholding of removal or CAT relief. *See Lecaj v. Holder,* 616 F.3d 111, 119–20 (2d Cir.2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).